dridge (decided by this court March 2, 1906), 98 N. Y. Supp. 157.

SCHULTZ, Respondent, v. GREENWOOD CEMETERY, Appellant. (Supreme Court, Appellate Division, Second Department. June 8, 1906.) Action by Mary A. Schultz against the Greenwood Cemetery. No opinion. Motion for leave to appeal to the court of appeals denied.

SCHUTTLER, Respondent, v. DAIMLER MFG. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 22, 1906.) Action by Catherine Schuttler, as administratrix, etc., of Ralph Schuttler, deceased, against the Daimler Manufacturing Company. No opinion. Orders affirmed, without costs.

SEAMAN, Respondent, v. GIBB et al., Appellants. (Supreme Court, Appellate Division, Second Department. July 24, 1906.) Action by Lewis W. Seaman, Jr., against John Gibb, and others. No opinion. Judgment affirmed, with costs.

SEITZ, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. July 24, 1906.) Action by Anna Seitz against the Brooklyn Heights Railroad Company. No opinion. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event; on the ground that there is no preponderance of evidence in favor of the plaintiff on the question of the defendant's negligence.

SELDIN, Appellant, v. LIEBOWITZ, Respondent. (Supreme Court, Appellate Term. November 14, 1906.) Appeal from Municipal Court, Borough of Manhattan, First District. Action by Nathan A. Seldin against Samuel Liebowitz. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted. Einsohn & Siegel, for appellant.

GILDERSLEEVE, J. The original complaint sets forth that on May 13, 1906, the plaintiff deposited $100 with defendant, as part payment of the purchase price of certain premises, which defendant contracted to sell to plaintiff; that said contract was illegal, for the reason that it was not signed by the parties, and also because it was made on Sunday; that on May 19, 1906, plaintiff demanded the return of said $100, with which demand defendant refuses to comply; and the complaint demands judgment for $100, with interest from May 19, 1906. The answer sets up that the complaint does not state facts sufficient to constitute a cause of action, denies on information and belief each and every allegation in the complaint, and sets up a separate defense alleging an agreement between the parties, made on May 12, 1906, for the sale of the property by defendant and others to plaintiff, the deposit of $100 by plaintiff on said contract on May 13, 1906, the failure of plaintiff to comply with the contract, and the expense to which the proposed vendees were put, amounting to more than the $100 deposit; and the answer demands the dismissal of the complaint, with costs. At the commencement of the trial plaintiff was allowed, without exception by defendant, to amend the complaint by adding an allegation of plaintiff's compliance with the contract and defendant's refusal to comply therewith. The plaintiff then took the stand and testified as to the contract, his own compliance therewith, and defendant's refusal to comply with the same, and his demand for the return of the $100 deposit. A receipt is introduced in evidence, but is not annexed to the record. The defendant then moved to strike out all of plaintiff's testimony as "not conforming to the issue raised by the complaint." The following conversation then took place, viz.: "The Court: What are you suing under? Plaintiff's Counsel: Money had and received. The Court: You claim that this is an illegal contract. In what way is it illegal? Plaintiff's Counsel: Because the contract to be entered into affected real estate, and it is not signed by both parties." (It will here be noted that no written contract, receipt or agreement of any kind is annexed to the record.) "The Court: That is not an illegal instrument. Plaintiff's Counsel: Well, I move to strike out allegation 3"—i. e., the one referring to the alleged illegality of the contract. "Defendant's Counsel: I move to dismiss the complaint. The Court: I will dismiss the complaint. Plaintiff's Counsel: Won't your honor permit me to strike out allegation 3? The Court: No; the complaint is dismissed. Plaintiff's Counsel: I except to that." Upon the record presented on this appeal, we think the ends of justice require a new trial. The judgment is reversed, and a new trial is granted, with costs to appellant to abide the event. All concur.

SELLECK v. DIENSDORF. (Supreme Court, Appellate Division, First Department. October 12, 1906.) Action by Henry G. Selleck, Jr., against Katharine Diensdorf. No opinion. Motion denied on conditions stated in order. Order filed.

SHAVER, Respondent, v. CUNNINGHAM et al., Appellants. (Supreme Court, Appellate Division, Third Department. June 27, 1906.) Action by Wellington Shaver against Lester Cunningham and another. No opinion. Judgment affirmed, with costs.

SHEFTS, Respondent, v. OTTENS, Appellant. (Supreme Court, Appellate Division, Second Department. July 24, 1906.) Action by William Shefts against Annie Ottens. No opinion. Judgment of the Municipal Court affirmed, with costs.

SHENSTONE, Appellant, v. DOWSE, Respondent. (Supreme Court, Appellate Division, First Department. June 15, 1906.) Action by Archibald C. Shenstone against William B. Dowse. A. C. Shenstone, for appellant. H. B. Twombly, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

SHEPARD, Appellant, v. CAMPBELL, Respondent. (Supreme Court, Appellate Division,